UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE MANUEL TORRES,<br><br>Defendant. | Crim. No. 1:21-cr-0457-RMB-1<br><br>**OPINION** |

This matter comes before the Court upon Defendant's Motion for Early Termination of Supervised Release, filed February 6, 2024. (ECF No. 5). Having reviewed Defendant's Motion (ECF No. 5), the Government's response (ECF No. 9), and Defendant's Reply (ECF No. 10), the Court shall deny Defendant's motion for the reasons stated below.

On March 13, 2021, Jose Manuel Torres ("Torres" or "Defendant") pled guilty to a one count indictment for conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). He was sentenced by Judge C. Darnell Jones, II in the Eastern District of Pennsylvania to 188 months' imprisonment for his role in a cocaine drug trafficking operation.

On March 19, 2021, Torres commenced his five-year term of supervision, which is scheduled to terminate on or about March 19, 2026. The Defendant alleges that his supervised release has served its purpose, and there is no need for continued supervision. (ECF No. 5 at 8). He states that he has been fully compliant with the terms of his supervised release and seeks early termination in order to obtain more flexibility in caring for his mother and to benefit his mental health "by being able to put this unfortunate period

1

of his life behind him." *(Id.). In response, the Government contends that early termination is not warranted particularly due to the serious nature and circumstances of Defendant's underlying offenses. (ECF No. 9 at 1).

A term of supervised release may be terminated by the Court following the expiration of one year of supervised release. 18 U.S.C. § 3583(e). Such a termination may occur only after a consideration of the factors set forth in 18 U.S.C. § 3553(a) if the Court is satisfied that such an action is warranted by the conduct of the defendant and is in the interest of justice. Id. The required factors for consideration are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> ...
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> ...
>
> (4) the kinds of sentence and the sentencing range established for—
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>>
>> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission

      into amendments issued under section 994(p) of title 28); and

      (ii) that, except as provided in section 3742(g) [18 USCS § 3742(g)], are in effect on the date the defendant is sentenced; or

    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement—

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (B) that, except as provided in section 3742(g) [18 USCS § 3742(g)], is in effect on the date the defendant is sentenced.[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

    Importantly, these factors include a consideration of the nature and circumstances of the offense, as well as the need for the sentence to reflect the severity of the offense, promote adequate deterrence, and protect public safety. 18 U.S.C. § 3553(a). In the United States v. Melvin, 978 F.3d 49 (3d Cir. 2020), the Third Circuit held that the District Court "enjoys

discretion to consider a wide range of circumstances when determining whether to grant early termination," including any new circumstances which may have arisen since sentencing occurred. Id. at 52 (citing United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014)). In assessing the relevant factors pursuant to 18 U.S.C. § 3553(a), it is sufficient for the Court to make a statement that such factors have been considered, and no specific findings of fact with respect to each factor is required. Id. at 52–53 (citing United States v. Gammarano, 321 F.3d 311, 315-16 (2d Cir. 2003)).

While the Court commends the Defendant's success following his incarceration, the Court's consideration of all of the factors set forth in 18 U.S.C. § 3553(a) establishes early termination of Defendant's remaining federal supervised release is not warranted.

With respect to the seriousness of Defendant's underlying offenses, 18 U.S.C. § 3553(a)(1), Defendant was involved in a significant cocaine distribution conspiracy. (Presentence Investigation Report ["PSR"] at ¶¶ 18–23). Due to the seriousness of Defendant's engagement in this organized criminal activity, early termination is inconsistent with the § 3553(a) factors.

With respect to the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), Defendant has a criminal history including convictions for violent offenses. (PSR ¶¶ 39–52).

With respect to the need for the sentence imposed, 18 U.S.C. § 3553(a)(2), Defendant avers that the rehabilitative purpose of his supervised release has been fulfilled and thus continued supervision is not needed. (ECF No. 5 at 4). He avers that continued supervised release would be punitive. (Id.). This Court disagrees. Continued supervised release is not punitive, but rather a means to assist Defendant in integrating into society.

Defendant shares that he has child support obligations and Supplemental Security Income benefits. (Id. at 7). He has mental health issues that he has been managing through a psychiatrist and phycologist. (Id.). These are areas where continued support from probation could benefit Defendant.

In addition, the sentence imposed provides specific deterrence for Defendant where Defendant has a history of drug offenses as well as violent offenses. Even accepting the Defendant no longer desires to recidivate, the sentence imposed also serves as general deterrence.

This Court also notes that Defendant has previously received the benefit of a resentencing by Judge Jones pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the Sentencing Guidelines. This resentencing served the purpose of ensuring Defendant was not subject to a sentencing disparity, and as such early termination is not required to avoid sentencing a disparity.

While this Court appreciates that Defendant acts a primary caregiver for his elderly mother, this Court does not find that this warrants early termination. Defendant states that he "would like the flexibility to stay overnight with his mother at her residence on nights that she needs extra assistance without having to seek prior permission from his Probation Officer," and he explains that there have been instances where he was needed last minute and he was unable to reach his probation officer. (ECF No. 5 at 8). On the other hand, he admits that he has "never been denied permission to stay at his mother's home." (Id.).

The Defendant's conduct which is in compliance with the terms of his release is insufficient to outweigh the considerations set forth in 18 U.S.C. § 3553(a).

For these reasons, the Court shall deny the defendant's motion for early termination of supervised release. An accompanying Order as of today's date shall issue.

s/ Renée Marie Bumb  
RENÉE MARIE BUMB  
United States District Judge

Dated: <u>April 2, 2024</u>